# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TYRONE STURGEON,
Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
Defendant

Case No. 1:08-cv-510
Beckwith, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's amended motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 20), to which defendant has not filed a memorandum in opposition.

On June 10, 2009, this Court issued a Report and Recommendation that plaintiff's case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) and that plaintiff's case also be remanded under Sentence Six of § 405(g) for consideration of new and material evidence. (Doc. 15). On July 6, 2009, the District Court adopted the undersigned's recommendation and issued a final appealable order. (Doc. 16). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's initial application for attorney fees was filed on August 18, 2009 and was therefore timely. (Doc. 18). Thereafter, plaintiff's motion

was denied without prejudice to refiling an amended motion for fees that complied with the evidentiary requirements set forth in *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009). This matter is now ripe for a decision on plaintiff's amended motion for fees.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

**Prevailing Party**

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when he obtained a reversal and remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

## Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id*. *See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under

3

EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In the present case, the Court finds the Commissioner's position was not substantially justified. First, the Commissioner has not met its burden of proof showing its position was substantially justified. The Commissioner has not filed a memorandum in opposition to plaintiff's motion for attorney fees explaining or justifying its position in this matter. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) (and cases cited therein). Second, the Commissioner's position that plaintiff had the mental residual functional capacity for simple, repetitive work was without a reasonable basis in law given the ALJ's failure to accord proper deference to plaintiff's treating psychiatrist in accordance with Social Security regulations and the law of the Sixth Circuit. *See* 20 C.F.R. § 404.1527(d)(5). *See also Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). (See Doc. 15 at 25-27). This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan,* 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law).

Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and expenses in the amount of $3,027.50, consisting of attorney fees of $2,677.50 and costs and expenses of $350.00. Plaintiff requests an hourly attorney fee of $170.00 based on cost of living increases since enactment of the EAJA.

Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the

district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

In this case, plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. *See London v. Halter*, 203 F. Supp.2d 367, 373 (E.D. Tenn. 2001). The Court concludes that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA.

This Court has recently determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which plaintiff filed his EAJA petition (current rates). *See Jones v. Commissioner of Social Security*, 2007 WL 1362776 (S.D. Ohio May 8, 2007) (Barrett, J.).[1]

---

[1] Utilizing cost of living adjustment rates based on the date plaintiff became a prevailing party or when the court awards fees (current rates) would be tantamount to an award of prejudgment interest against the government contrary to the rule set out in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). In *Shaw*, the Supreme Court held that interest cannot be recovered in a suit against the United States absent an express waiver of sovereign immunity from the award of interest separate from a general waiver of immunity to suit. 478 U.S. at 311. This so-called no-interest rule has been applied to EAJA fee cases in determining the appropriate cost of living adjustment rate to employ. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Kerin v. United States Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1039-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1074-77 (5th Cir. 1992). The Circuit Courts in these cases have held that adjusting EAJA fees for inflation for a period of time that occurred after legal services were rendered constitutes an award of interest from which the United States is immune absent

In determining the COLA rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 2004 W.L. 3240489, *10 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event that an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen*, 2004 W.L. 3240489, *10; *Gates*, 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court computes the COLA increase as follows. The Court applies the Consumer Price Index (CPI) for Services for the Midwest Urban area.[2] *See Riley v. Barnhart*, Case No. 1:02-cv-625 (S.D. Ohio Feb. 10, 2005) (Weber, J.) (Doc. 39, adopting Report and Recommendation of Dec. 3, 2004) (use of the CPI of "services" is a more accurate reflection of increase in value of legal services than CPI of "all items"). In March 1996, when the $125.00 statutory rate became effective, the CPI was 166.5 for Midwestern Urban consumers. In 2008, the CPI was 241.771. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $181.51 (2008 CPI of 241.771 divided by March 1996

---

Congressional authorization. *Id.* This Court agrees that using the "current" cost of living adjustment rate to calculate the amount of attorney's fees in this case would amount to a de facto award of pre-judgment interest and violate the sovereign immunity of the government. The Court therefore utilizes the "historic" COLA rates in determining fees in this matter.

[2]U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index–All Urban Consumers, Midwest Urban, Services, 1982-84=100, Series Id: CUURO200SAS (http://data.bls.gov/cgi-bin/dsrv)

CPI of 166.5 times $125.00). In 2009, the average of the monthly CPI multipliers for the year through August 2009, the last month counsel performed work on the case, was 243.24. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $182.61. (Average 2009 CPI of 243.24 divided by March 1996 CPI of 166.5 times $125.00).

The Court also considers the affidavit of plaintiff's counsel which sets forth counsel's customary hourly rate and additional information regarding the mean and median hourly rates charged by attorneys in Cincinnati, Ohio. *See Bryant*, 578 F.3d at 450. The Court finds this information amply demonstrates that the hourly rate of $170.00 per hour sought by counsel for plaintiff is reasonable and warranted given the cost of living increases since enactment of the EAJA and the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. In addition, the Court notes that defendant does not object to either the hourly rate or the hours expended by counsel for plaintiff in this litigation.[3] The Court concludes that an increase in the cost of living justifies a higher fee in this case. Accordingly, the Court finds the $170.00 rate sought by plaintiff to be reasonable in this matter.

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $170.00 hourly rate shall be applied. Counsel submits that 15.75 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant

---

[3] Because the hourly rate proposed by plaintiff is lower than the result obtained by the Court using the 2008 and 2009 CPI, the United States will not be prejudiced in adopting the rate proposed by plaintiff.

to *Commissioner v. Jean,* 496 U.S. 154, 162 (1990). The Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the 15.75 hours at the $170.00 hourly rate yields an attorney fee of $2,677.50. Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED,** and that plaintiff be **AWARDED** $2,677.50 in attorney fees and $350.00 in costs and expenses for a total award of $3,027.50.

Date: 12/1/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TYRONE STURGEON,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:08-cv-510
Beckwith, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).